## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 230 | **DATE** | 3/14/2008 |
| **CASE TITLE** | Kuwandis Davis (#18880-424) vs. Kenneth Caldwell | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, to the extent that any of Plaintiff's pro se letters of 02/15/08, 02/22/08, and 02/29/08, could be construed as pro se motions requesting a reconsideration of the 02/19/08, ruling, such motions are denied. The instant action was dismissed on 02/19/08 and on 03/03/08 Plaintiff subsequently paid the filing fee. The Clerk of Court is directed to return the filing fee to the Plaintiff, Kuwandis Davis.

■[ For further details see text below.]                                              Docketing to mail notices.

### STATEMENT

This matter is before the court on *pro se* letters filed on February 15, 2008 ("February 15 Letter"), February 22, 2008 ("February 22 Letter"), and February 29, 2008 ("February 29 Letter"), by Plaintiff Kuwandis Davis ("Davis"). On January 28, 2008, we denied Davis' motion for leave to proceed *in forma pauperis*. We also gave Davis until February 14, 2008, to pay the filing fee in this action. We warned Davis that failure to pay the filing fee by February 14, 2008, would result in the dismissal of this action. The deadline passed and the docket did not reflect that Davis paid the filing fee. Thus, on February 19, 2008, we dismissed the instant action.

Davis states in the February 29 Letter that he had written to the "Courts Almost two weeks Ago requesting information About the Case" and "ask[ed] the Court to grant [him] a stay To give [him] the allotted time to get the Money . . . ." (2/29 Lett. 1). Davis did file the February 15 Letter in which he stated that he had a document that supported his case and that he wanted to send it to the court. He also requested a "stay on the state issue until we get the matter." (2/15 Lett. 1). Davis did not indicate that he needed time to obtain funds and failed to provide any justification for giving him additional time to pay the filing fee.

The docket does reflect that the February 15 Letter was entered on the docket on February 20, 2008,

**STATEMENT**

the day after the dismissal of the case. However, Davis did not include any information in the February 15 Letter that would warrant an amendment of the February 19, 2008, ruling dismissing the case. Davis' contention that he had documents that supported his case and that he desired to mail them to the court offered no justification for his delay in paying the filing fee.

After we dismissed this action, Davis filed the February 22 Letter indicating that he had a document to support his claim that he would like to submit to the court. However, since his case had already been dismissed for failure to pay the filing fee, whether Davis has additional documentation to support his case is a moot issue. Davis did not include any information in the February 22 Letter that would indicate that the court should amend the February 19, 2008, ruling dismissing this case.

Finally, in the February 29 Letter, Davis states that he received a "Letter . . . Dismissing the case" and that he "never received notice of this particular ruling." (2/29 Lett. 1). Davis thus acknowledges that he is aware of the court's ruling dismissing this action. Also, as indicated above, Davis incorrectly asserts in the February 29 Letter that two weeks prior to this letter he requested additional time to get money to pay the filing fee. Davis has not included any information in the February 29 Letter that would indicate that the court erred in dismissing this action or that the court should amend the February 19, 2008, ruling. To the extent that any of Davis' *pro se* letters mentioned above, could be construed as *pro se* motions requesting a reconsideration of the February 19, 2008, ruling, such motions are denied for the reasons stated above.